IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,614-02






EX PARTE BRIAN TERRELL NORWOOD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 46594-C IN THE 89TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Second Court of Appeals affirmed his
conviction. Norwood v. State, No. 02-08-214-CR (Tex. App. - Fort Worth, April 23, 2009).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to prevent the State from introducing evidence of gang membership as proof of
motive, and failed to request limiting and reasonable doubt instructions regarding the gang evidence
in the jury charge. Applicant also alleges that his appellate counsel rendered ineffective assistance
because appellate counsel failed to challenge the trial court's rulings allowing the gang evidence on
direct appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel and appellate counsel to respond to Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel requested reasonable
doubt and limiting instructions regarding the gang evidence, and if not, why not. The trial court shall
also make findings of fact as to whether appellate counsel considered challenging the trial court's
rulings regarding the gang evidence on appeal, and if so, why appellate counsel chose not to raise
the issue. The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions
of law as to whether the performance of Applicant's appellate counsel was deficient and, if so,
whether appellate counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 6, 2013

Do not publish